IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-00347-01-CR-W-NKL |
| | ) | |
| CHERRI TURNBOW, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S PRO SE MOTION FOR ALTERNATIVE SENTENCE**

COMES NOW the United States of America, by its United States Attorney, Todd P. Graves, and by Assistant United States Attorney, Katharine Fincham, both for the Western District of Missouri, and respectfully urges this Court to deny Defendant Cherri Turnbow's Pro Se Motion for Alternative Sentence, because Defendant Turnbow states no legally recognizable ground for her requested sentence "alteration."

In support of its position, the government offers the Court the following points and authorities:

1. After a jury trial, this Court sentenced Cherri Turnbow to 48 months' incarceration.

2. Title 18, United States Code, Section 3574(b) provides that a final judgment can only be modified under the following circumstances:

   a. A clerical error in the judgment is discovered and corrected within seven days of a final judgment (Federal Rule of Criminal Procedure "FRCP" 35(a));

b. The government moves for a sentence reduction based upon substantial assistance rendered by the defendant (FRCP 35(b));

c. The Bureau of Prisons moves for the reduction based upon "extraordinary and compelling reasons" or other circumstances not applicable to Turnbow's case;

d. The sentencing range applicable to the defendant has been lowered by the Sentencing Commission since the time of the defendant's sentencing; or

e. The defendant has properly appealed a sentence outside the guideline range.

3. None of the above approved bases for modifying a final judgment is applicable to Turnbow's case.

4. Moreover, Turnbow asks for the "alteration" of her sentence from incarceration to home confinement and halfway-house assignments because her family needs her to help in ministering to her brother. Turnbow's own description of the care needed for her brother is "intensive physical, speech and mental therapy daily" in an assisted living facility. Turnbow fails to state how home confinement and/or halfway-house residence would allow her to spend any meaningful time in such a facility rendering such assistance.

5. In any event, without an appropriate motion from the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A), this Court is without authorization to alter Turnbow's sentence for the reasons set out in her pro se motion.

WHEREFORE, the government respectfully urges the Court to deny Defendant Turnbow's Pro Se Motion for Alternative Sentence.

    Respectfully submitted,

    Todd P. Graves
    United States Attorney

By    *s/Katharine Fincham*

    Katharine Fincham #32570
    Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 East 9th Street, Room 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

Certificate of Service for CM-ECF participants

      The undersigned certifies that a copy of the foregoing was served this 10th day of January 2006, by electronic notice on those parties having entered their appearance under the Electronic Filing System (ECF), and by U.S. Mail, postage prepaid, on those parties having requested notice by conventional service.

| | |
|---|---|
| Stephen C. Moss | Cherri L. Turnbow 16530-045 |
| Assistant Federal Public Defender | Federal Detention Center-Philadelphia |
| 818 Grand Boulevard, Suite 300 | P.O. Box 562 |
| Kansas City, Missouri 64106 | Philadelphia, Pennsylvania 19105 |

                                              *s/Katharine Fincham*
                                              Katharine Fincham #32570
                                              Assistant United States Attorney

KF/art