IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF MISSOURI,
WESTERN DIVISION.

| | | |
|---|---|---|
| United States of America | : | |
| | : | |
| | : | No. 03-00347-01-CR-W-NKL |
| v | : | |
| | : | |
| *Cherri Turnbow* (Defendant) | : | |

**DEFENDANT'S ANSWER TO GOVERNMENT'S STATEMENT OF OPPOSITION TO DEFENDANT'S PRO SE MOTION FOR "ALTERNATIVE SENTENCE".**

**NOW** Comes the defendant, *Cherri Turnbow*, pro se, in the above ennumerated and captioned matter and respectfully submits that the United States Attorney's response has inaccurately represented the petition of the defendant.

The defendant wrote to this Honorable Court and requested redesignation to a Commumity Correction Center (CCC) for the remainder of her sentence. The basis for her plea is that her brother has suffered a terribly disabling injury and requires extensive therapy and intensive care which she can provide. A writ requesting redesignation is not an "alteration" to a sentence. Her term of incarceration would remain unchanged. The defendant respectfully requests this Court issue a statement directing the BOP to designate her to a CCC for the stated reasons. The defendant respectfully submits that the ruling Statute,

1.

Title 18 USC : 3621 (b) enable this when it states:

> "The Bureau may designate any available penal or correctional facility...:

and empowers the court that imposed the sentence when it states that the Bureau shall consider:

> "(1). The resources of the facility contemplated;
> (2). the nature and circumstances of the offense;
> (3). the history and characteristics of the prisoner;
> (4). **any statement of the court that imposed the sentence**
>    (A). **concerning the purposes for which the sentence of imprisonment was determined to be warranted; or**
>    (B). **<u>recommending</u> a type of penal or correctional facility as appropriate;** and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

The defendant avers that the statute enables the Judge to issue such a statement and, for the BOP to so place her. This has been bourne out in these circuit court decisions:

1. Elwood v. Jeeter, 386 F.3d. 842 (8th cir. 2004)
2. Goldings v. Winn, 383 F. 3d. 17 (1st Cir. 2004)
3. Woodall v. BOP, No. 05-3657 (3rd Cir. 2005 12/15/05)

The defendant respectfully requests this Court direct placement in a CCC in accordance with the above Statute. The "execution" of the defendant's sentence is a request permissible within such a writ and, the type and place of confinement is a matter within the power and authority of the sentencing Judge.

The defendant is not, as the AUSA claims, requesting a "modification" of the final judgement nor is she requesting a reduction in her sentence. She is requesting this Honorable Court to issue a "statement" in accordance with Title 18 USC : 3621 (b) (4) (A &B) that direct the BOP with regard to the "execution" of her sentence. No reduction in term has been discussed. She is petitioning the court for humanitarian consid-

eration of her urgent family needs so as to enable her to provide her brother with intensive physical, speech and mental therapy. The statement of the Court and the conditions of her CCC placement could, most certainly, enable her to provide this direly needed care for her severely disabled brother.

The Defendant respectfully submits that BOP regulations limiting placement in CCC's to 6 months or 10 % is trumped by the Congressional intent as reported in the Senate Judiciary Committee's statement accompanying the enactment of Title 18 USC 3621 which does **NOT** limit the term of placement nor the conditions of imprisonment. (see S. Rep. NO. 98-225, 1983). The language is clear. The BOP must consider all of the specified factors. It is clear that Congress had no intention of limiting placement options or of preventing individualized evaluations.

The defendant respectfully requests that this Honorable Court issue a statement in support of her request to be designated to a community correctional center as her "place of imprisonment" for the "execution" of the remainder of her sentence and further, that this Court order the BOP to consider the Judges' statement (if granted), her individualized needs and, the needs of her family.

The defendant respectfully requests this Court grant the relief requested and so order.

Date: 1/27/06

Respectfully submitted,

_____