# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 03-0347-CR-W-NKL |
| CHERRI TURNBOW, | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Cherri Turnbow's ("Turnbow") Motion to Alter Judgment [Doc. # 72]. For the reasons set forth below, the Court denies Turnbow's Motion.

Also pending is Turnbow's Motion for Extension of Time [Doc. # 74]. For the reasons set forth below, the Court denies Turnbow's Motion as moot.

**I.  Motion to Alter Judgment [Doc. # 72]**

After a jury convicted her on the underlying charges, the Court sentenced Turnbow to 46 months' imprisonment. The Court imposed its sentence on September 29, 2004. Turnbow filed her Motion to Alter or Amend Judgment on December 23, 2005. In it, she asks the Court to modify her sentence to allow her to serve the remainder of her sentence in home confinement. In support of her Motion, Turnbow submits that her brother needs medical attention and she includes several certificates of achievement that she has received during her incarceration. The Government opposes Turnbow's Motion.

Under Fed. R. Crim. P. 35(a), the Court must act to modify a previously imposed sentence within seven days of issuing the sentence. *See* Fed. R. Crim. P. 35(a) ("Within 7 days after sentencing, the court may correct a sentence . . . ."). Thus, the Court's deadline for modifying its sentence in Turnbow's case expired on approximately October 6, 2004-- seven days after it imposed its sentence.

When the deadline for modifying an Order has expired under Rule 35, a sentence can be modified only under very narrow circumstances, which are set out in 18 U.S.C. § 3574(b). Under this statute, a court can modify a sentence after the 7-day deadline has expired only if: (1) the Government moves for a modification; (2) the Bureau of Prisons requests a modification; (3) the sentencing range has been lowered; or (4) the defendant has prevailed on appeal. 18 U.S.C. § 3574(b). None of these circumstances have occurred in Turnbow's case.

Because the deadline for modifying orders under Rule 35 has expired, and because none of the conditions set forth in section 3574 have occurred, the Court is without jurisdiction to modify Turnbow's sentence. Accordingly, it will deny Turnbow's pending Motion to Alter Judgment.

## II. Motion for Extension of Time [Doc. # 74]

In her pending Motion for Extension of Time, Turnbow asks for a thirty-day extension of time to file her Reply brief. However, Turnbow has filed her Reply Suggestions and the Court has considered them. *See* Reply [Doc. # 75]. Because Turnbow has already filed her Reply Suggestions, the Court will deny her Motion for Extension of Time as moot.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Turnbow's Motion to Alter Judgement [Doc. # 72] is DENIED, and

ORDERED that Turnbow's Motion for Extension of Time [Doc. # 74] is DENIED as moot.

                                                    s/ Nanette K. Laughrey
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

DATE: February 6, 2006
Kansas City, Missouri